We'll hear argument next in Case 21-248, Berger v. North Carolina State Conf. of NAACP. Mr. Thompson. Mr. Chief Justice, and may it please the Court, North Carolina law designates the state as necessary parties, the petitioners as agents of the state and as necessary parties in all actions challenging state statutes. When such actions are filed in state court, the petitioners are defendants and necessary parties. This lawsuit, however, was filed in federal court, and when the petitioners sought to intervene, they were denied and a strong presumption was applied against their intervention. This outcome should be reversed for two reasons. First, under Turbovich, we are entitled to intervene. The state respondents have candidly and forthrightly acknowledged that they have a primary objective in receiving clear guidance on what law, if any, will need to be enforced. And because that administrative responsibility and interest may not always dictate precisely the same approach to litigation as our interest in defending the law every step of the way, we are entitled to intervene under Turbovich. Second, this case presents foundational issues of federalism. This court recently in Cameron held there are deep constitutional considerations implicated when a federal court is called to pass upon the constitutionality of a state law. And thus a federal court must account for a state designating multiple officials to defend its sovereign interests. There is no basis in this case for a federal court to second-guess a state's decision that it needs a representative exclusively focused on vindicating state law. I welcome the court's questions. You said there's no basis in this case. Is there a situation where you would think it was appropriate for the federal district court to deny intervention where the state law provided specifically that particular state officers be afforded that right? Well, Your Honor, we'd have to go through the multi-step factors of, number one, Donaldson. We'd need to make sure it's a significantly protectable interest that was identified. Number two, we'd need to look at Hollingsworth and make sure there was a correct assignment of that agent and creation of that agency relationship. And then under Turbovich, there would need to be an assessment as to whether there was someone else already in the case that had that identical interest and didn't have another interest that was competing at, tugging at the interest that they were advocating. Well, we often see in these cases here sort of political disagreement between the two purported representatives of the state. And is there a situation where that is the claim for necessity for intervention? Do you see a situation where that would be second-guessed by the federal court? Well, I can see, Your Honor, where that could be relevant here. We don't need to point to Governor Cooper's involvement in the case to win the intervention motion. But we would point out that Governor Cooper has been an implacable foe of this law. And that's not to criticize him. Reasonable people can disagree about contentious issues of public policy. But he has said at JA 844 to the Fourth Circuit Court of Appeals in this very case, quote, this unconstitutional law should never go into effect, close quote. And he has also claimed for himself the authority to fire each and every member of the Board of State Elections. So he would not be an adequate representative. Now, they say, my friends on the other side say, well, we have for-cause removal protection. We can't be fired by Governor Cooper. And we don't think they're right about that. But even if they were, that would just mean that there are unaccountable, unelected officials in charge of this paramount interest. Counsel, two things. One is, what do you do with Wallace v. Bone, a North Carolina Supreme Court case that says the state legislature cannot represent the state? And I thought that that was the basis of the Governor's claim that the law was unconstitutional, that this representative law was unconstitutional. And two, I still don't understand what the conflict here is. The Attorney General has said, and it's not the Governor, that the Attorney General is representing the State Board. Both the State Board and the Governor and the Attorney General have taken the position that this law is unconstitutional, the same position you're taking. So where is the conflict? Other than litigation strategy issues, where is the conflict? Identify it for me. Okay, I'll take those in order if I may. First, with respect to Wallace v. Bone, that plays upon my friend's separation of powers argument. There were only two judges on the Fourth Circuit Court of Appeals who addressed that, Judge Quattlebaum and Judge Richardson. And at PEDAP 102, we can see them give it short shrift and with good reason, because Wallace v. Bone was a case in which there was a clear executive power being tried to be kept by the legislature, issuing permits, denying permits. The other cases they cite, too, the legislature is trying to spend money. And in Martin v. Thornburg, the North Carolina Supreme Court clearly said there is a distinction between defending a law and executing a law. In addition, their separation of powers argument proves too much, because if it were right, then even if the Attorney General weren't defending the law, we still wouldn't be allowed in. So that's what I would say about that. No, that's not what their point is. I think if the Attorney General wasn't defending the law, there'd be another case. That's what the court below said. It'd be a different case if the Attorney General refused to defend the law. But the logic, Your Honor, of their position is that this is an inherent executive power. But the problem with your decision, your position, is that if North Carolina's law said every member of the legislature has a right and must be made a party to defend the state or to defend the interests of the state, then a federal court would be bound by 50, 100 legislators coming in and participating in the litigation. Isn't that your point? No, Your Honor, that's not our point. Our point is that the first legislature to show up, if North Carolina law said any of the 170 members of the General Assembly can come in and be an adequate representative and focus exclusively on defending state law, then the first person to show up would be, in our view, would then, going back to the text of Rule 24, would be the adequate representative of that interest. But tell me of what interest. The interest is in upholding the law. The finding here was that the Attorney General has a similar interest. It's taking the same position. So why is the Attorney General inadequate to represent the same interest the legislators have in protecting the constitutionality of the law? Well, Rule 24 focuses on parties, not on lawyers. So the Attorney General's role here is not critical. What's critical is that the parties are the members of the State Board of Elections, and they have announced at Joint Appendix, page 203, that they have a primary objective of receiving clear guidance on what law, if any, will need to be enforced. And that's an administrative responsibility. And the Court asked me, where is there the conflict? And we can see the conflict quite clearly at JA 366 footnote 8. There, in the run-up to the March 2020 primary, there was a flagrant violation of the Purcell Principle. The Middle District of North Carolina, to hear their renditioning while voting was going on, changed the rules. And that's not right. There was a small window of time before voting started. But the bottom line is there was a flagrant violation of the Purcell Principle, with the rules being changed, and they have admitted that they did not seek a stay because of their administrative responsibilities. Their concern about administrative convenience and ensuring that the election went smoothly. And so that's an instance in which these two interests. See, in the state court litigation, the same thing happened, and you're present there. You didn't make a motion either, did you? For two reasons, Your Honor, a factual reason and a legal reason. Factually, we did not because the preliminary injunction had been issued by the Federal District Court on December 31, 2019. The adverse state court ruling was a couple of months later, in February of 2020. And so if we had run into state court and tried to seek a stay of that second injunction, it would have been totally futile and pyrrhic a victory because we were still enjoined by the Middle District of North Carolina. It was your trial strategy. No, it would have been pyrrhic. There would have been no purpose to doing it because they had already decided to allow the preliminary injunction to stay in place. In addition, there's a legal difference too, which is there's a dispute as to whether the Purcell principle applies to state court judges, and there's no dispute that it applies to federal court judges. Mr. Thompson, could I take you back to something that you said to Justice Sotomayor? She said, well, what if state law gave every legislator a right to intervene or status as a necessary party, what have you? And you said, no, that would go too far. It just has to be one. Is that correct? Yes, Your Honor. And why is that? I mean, suppose there was something in between. Suppose that there was a law passed in North Carolina that says, well, you know, the Senate might flip parties every day, so we need both the head of the Senate and the head of the House. And then suppose there's somebody writing the statute and says, actually, we also need the relevant heads of the committees there. We need the head of the relevant House committee and the head of the relevant Senate committee. I mean, you get the idea. Why is it just one? If we're deferring to state understandings of their own interests and the state says, actually, we need five people here, why would we not say on your theory, well, then we have to have five people here? I think it's important to understand the role of state law and federal law in all of this. And here we're dealing with interests that are grounded in federal law. They flow from constitutional considerations identified in Cameron, and they are reflected in the federal rules of civil procedure. Federal Rule 5.1 reflects the paramount interest in defending a state law. Federal Rule of Civil Procedure 24B2 reflects the interest in administering a law. Those are the two interests we have here. They're not created by state law, and so any hypothetical about, well, if the state tries to create other interests is not implicated by this case because these are federal law interests in the same way in Turbovich. It was a federal law interest in Kauffman. So the only rule you are advocating for is a rule that says one legislator has to be at the table in the suit. One adequate representative. And if it's an interest that is significantly protectable under Donaldson and certainly an interest that's recognized in the federal rules of civil procedure, we would submit, is significantly protectable, then we should be in touch. And is there a difficulty for you? I mean, if you had come in the second time and said the same thing as the first time, It's basically saying, you know, it has to be that there's a legislator here in the suit to represent the specifically legislative interest in the defense of the law because these executive branch people, they have to worry about execution of the law. We just want a person who all they're worried about is the defense of the law. I mean, it would seem to me that the way you would do that is to say we have a special interest as a legislator, not as the state writ large, right? But you're not making, I mean, in your second motion, you didn't do that. You didn't say we have a special interest as a legislator. You said our interest is the interest of the state writ large. But how could that be? Doesn't the executive branch represent the state writ large? Not under North Carolina law, Your Honor. The way these statutes work, 120-32.6B says that we are deemed to be the state to the same extent as 1-72.2. And that statute says that we are the legislature. And so we've been designated quite clearly as agents of the state, and we've been designated as But not in replacement of the attorney general. I mean, it would be different if you said, no, you know, we're tired of the attorney general. The legislators now represent the state. But you kept the attorney general going. And in your first intervention motion, you said basically we have a separate interest. It's the interest of the legislature. And, you know, that makes a fair amount of sense. It's like, okay, well, that's a different interest. But now you're not saying that. You're claiming the same interest that the attorney general has under North Carolina law. Well, under, well, no, it's not the same interest. They have an administrative interest that they've made clear. Joint Appendix 203 is their primary objective. We have a separate interest. And as I've explained, they tug at one another. And we've seen that in this very litigation. In addition, Bethune Hill came down between our first and our second motion to intervene. And that said that a state must be able to designate its own agents. And that's what 120-32.6B does. Can I ask you about Justice Kagan's questions about how many legislators would have to be present? I just want to be sure I understand where in Rule 24 you're grounding this language. So I take your point that you have a different interest than the Board of Elections because they're interested in executing an election. You're interested in defending the constitutionality of the law. There's a tug. Would it be fair to say that your position is that when the interests are different, as they're here, maybe the Turbevich case casts some light on this question, that it would be rare to find that the existing party is an adequate representative because someone with different interests that are in tension can never adequately represent the intervener's interest? Well, the test is under Turbevich, are those interests such that they may not always dictate precisely the same approach to litigation? In other words, Turbevich teaches that it's a minimal burden. And here we've amply satisfied. I understand that. But I guess what I'm saying is if I'm granting you, I'm saying assuming that you're right, that these interests are not perfectly aligned between the Board of Elections and you, that it would be very rare to find that your interests could be adequately represented. It's not even really much of a question because when the interests are different, the question of adequate representation is just how could you represent that interest in the rule of 24A if the interest is a little bit different, potentially in tension with? Yes, Your Honor, that's exactly right. That's the teaching of Turbevich because nobody was suggesting in Turbevich that the Secretary of Labor was not doing a good job or that his interest wasn't at least partly aligned. He was the petitioner's lawyer, and he had the exclusive responsibility, the Secretary of Labor did, for challenging the election. Okay, so then let me take you to Justice Kagan's question about the succession of legislators that might come in and try to intervene, and maybe state law might even give them that right. Then would your position be that, well, all of those interests are the same, all of those interests are aligned, but when you have would-be interveners who have interests perfectly aligned, they all have the interests that you have here, say, in defending the constitutionality of the law, that then there is adequate representation? Well, if the interests are entirely aligned, we can't invoke Turbevich as a basis to intervene. We could point to the fact that, in fact, the representation has not been adequate, and we can point to the fact that we do have a different perspective. We're a separate, co-equal branch of the government. But in Justice Kagan's hypothetical, it was all legislators. They're all from the same branch of the government. And I'm just trying to ground your answer to Justice Kagan when you said, well, number one can get in and numbers two through ten cannot. Yes. I'm asking you, would that be because adequate representation would be satisfied, assuming that there weren't these other factors, like they're doing a bad job? Yes, Your Honor. That's right. So the first step under the analysis under Donaldson is to identify the interest, and the second step is to identify whether the entity has been assigned as an agent of the state. And then the third step is, if there are different interests, but only if there are different interests do you get to the Turbevich type of analysis. If the interests are identical, then there's an adequacy of representation on that metric. But are we to defer to the state's understanding of what the interest is? I mean, suppose the state says, you know, we think that members of the Senate have a different interest than members of the House because they might be led by different parties. Or suppose that they said, well, members of a particular committee have a different interest than other members. I mean, there are a variety of things that states could do to define their own interests that are not just there's a legislative interest. And would we defer to the states on those more particular definitions of interests so that we could come up with five interests or ten interests, all of which might be expressed by various kinds of legislators? States can create interests. We can see that in the text of Rule 24 because it talks about property. It talks about transactions, which would include contracts. Both of those are the traditional province of state law. But any time an interest is created or purported to be created, then a federal court has to assess whether, under Donaldson, it's significantly protectable. But none of that is relevant here because these are federal interests. These are interests that are created by federal law and that are recognized by federal law. What about the answer to her question, though, to Justice Kagan? You're not answering Justice Kagan's question, I don't think. What about the committee's hypothetical? Well, it would be up to a federal court to decide whether, under Donaldson, that's a significantly protectable interest. And it would be a totally different case than this one because there's nothing in the Federal Rules of Civil Procedure that recognizes a state's interest in having a member of a committee. What we're just saying is that there are two interests. Would we defer to the state on that or defer some to the state, give some weight to the state on that, or what do you do? Well, states can create the interest, and when we're dealing with a paramount interest that's recognized in the Federal Rules of Civil Procedure, then that should be dispositive. And what states think about it in this case is not relevant, and the court need not address that separate consideration because these are grounded in federal law and recognized by the Federal Rules of Civil Procedure. And Gasparini and Walker teach that, you know, the federal court should try to interpret the Federal Rules of Civil Procedure to be consistent with... Note where it is. It's under the B, permissive intervention, not what we're talking about, which is intervention of right. Focusing on that for a second, what is it you want this court to hold? We are talking about a particular phrase, unless existing parties adequately represent that interest. And, as you know, most of the federal courts have interpreted that as starting with a presumption that if somebody's there with the same objective, it is adequate, and that can be defeated. That's what happened here, and you're lost on that. Very well, you want us to say, when we interpret court, when you interpret those words, unless existing parties adequately represent, do you want us to say the presumption, weak though it is, of every circuit doesn't apply? Or do you want us to say it doesn't apply just to the states? Or do you want us to say, no, you see, every private party often has problems and like to have a lot of people in the case, too. And so how do we say just the states? Or do you want us to say the rules are the same, but they didn't apply that presumption thing correctly in this case because we have a bigger interest in intervening than they thought? I mention all those difficulties because I have yet another one. The last one is, since what you talked about is in B, permissive intervention, why isn't this a case for permissive intervention? Suppose we copied your words. How important it is to get the legislature in here. How desperately the state wants it. Just copy your words and say, That isn't enough to change the interpretation of A, intervention of right, but we think the court could reconsider B, permissive intervention, noticing what is there in B2 and da-da-da-da. We quote you again. Now, I've given you a whole lot of problems that I see in this case if we take your path. And I also have suggested another class, but it's only a suggestion, and I'm interested in your reaction. Thank you, Your Honor. So the interest that we are trying to vindicate is not referenced in 24B2. The interest that we are trying to vindicate is the paramount interest identified in Cameron in vindicating state law, and that is recognized in 5.1 of the Federal Rules of Civil Procedure that says that notice has to be given to a state whenever. So this isn't an interest that's under permissive intervention. The court also referenced the fact that we have the same ultimate objective, but that can't be enough. Every time an intervener comes in under Rule 24, you have to pick one side of the V or the other, and there's nothing in the text to suggest that a presumption should apply in that instance. In Turbevich, there was no presumption. The point is treat states differently. Well, Turbevich From private people where the same situation arises. The court could say treat states differently, but in Turbevich, it was a private party. There was no presumption that was applied, and it's simply not true that all the circuits apply a presumption. The Ohio, Northeast, Okay, so is that your point? You want us to say there is no presumption? The court doesn't have to reach that. You know that, but I'm trying to get at what you think would be the best way because, unfortunately, unlike you, I might have the job of approving or writing even the case. So I'm trying to make my job easier. The narrowest grounds to rule in our favor would be to say that this is a paramount interest of a state, and it's entitled under basic principles of federalism to have that federal interest vindicated by a representative who is exclusively focused on that, and they are not required, just because they've been sued under Ex parte Young, to forego having what they have in state court, which is a champion focused exclusively on winning the suit. Mr. Spryer, anything further? You don't see much in the idea of permissive intervention. No, Your Honor. Am I assuming by your argument that the existence of the North Carolina law here is irrelevant? You're basically saying whether there's a law or not, we have to mandatorily let every legislative member come in. I don't know what to do with that claim, given how we have ruled in a variety of different cases that a legislature can't defend the constitutionality of a law, because that's up to the attorney general of each state or the law who designates who's going to defend. State law is not irrelevant, Your Honor, because it's a three-part test. One is to test under Donaldson whether there's a significantly protectable interest. But that's every legislature has a legally protected interest, so go ahead. Yes, step two. This is where state law kicks in, is at step two, which is on the assignment. That is exclusively a function of state law as to whether the state has assigned responsibility to the putative intervener. So what you're basically saying, every state law that does that, everybody they designate, every cabinet member, etc., as a matter of law under 24A, they have to be permitted to come in. And you're saying, no, no, no, no, it's only if they're adequate to protect that particular interest, correct? I'm saying under step three, the first one gets to come in, not the second one. Now, what happens in a case like this when the two representatives have overlapping interests? Meaning, the attorney general is not saying they won't defend the constitutionality of this law. The state board hasn't said they won't. They have the same interest or an overlapping interest to yours. Where do we go with that? That's Turbovich, Your Honor. No, Turbovich was saying that the union member and the Department of Labor had conflicting interests. It had identical interests. If we think about it as a Venn diagram, in Turbovich, the interest of the petitioner was a subset totally included within the interest of the Secretary of Labor. The Secretary of Labor had two interests. Number one, he was the petitioner's lawyer. So that was perfect identity of interest on that interest. But he had a second interest. He had an interest in the public interest. And it was the fact that he had those two, one that was identical, plus an extra one. So this could overcome the individual interest there. Well, they said because he had both, he wasn't an adequate representative. And that's our point here. And it's a little bit stronger here because even as to the interest in defending the law, it's not perfectly the same because there's a temporal difference. They're fighting for ultimate vindication. We're fighting for the law to be in place every step of the way, including in the March 2020 primary. All right. Thank you. Justice Kagan? Mr. Thompson, I'd just like to clarify a few points. And this goes back to Justice Barrett's set of questions. If I understood your responses to her, you agreed with her that basically your case here depends on the argument that you've made that legislators do have different interests from the executive branch, that there is a kind of tug, in her words, between your purely legislative interest and their interest, which also has to take into account issues of execution. Is that correct? We might be saying different things. So if I may clarify, what I'm saying is that there are two separate interests, defending a law, which could be done by a legislator or somebody else. North Carolina has said the General Assembly is the champion of that interest. But there are two separate interests. One of them is defending the law. It's not inherently legislative. And the other is administering the law. Now, that is executive in nature. Yeah. But you're saying that the reason you should be able to intervene is because you have the defending the law interest pure, whereas they don't. They have it with a mix of other things. Yes, Your Honor. That's correct. But you're saying that that legislative interest, defending the law pure, that we should defer to you for one legislative seat at the table, if you will, but no more. Is that correct? It's not a legislative interest. It's an interest in defending the law. Sorry, I'm not precise. I just don't want to. But, yes, the point is that once there's an interest that's valid, significantly protectable, the state is entitled to a champion as to that interest. A champion, one champion. Yes. And you're saying that it really doesn't matter that the state law in question does not define the interest in that way. In other words, the state law in question simply makes the legislative members necessary parties, but doesn't make this distinction about the particular interest in defending the law versus other state interests. It just says legislators have to be necessary parties. Well, I think it does, actually, because the trigger, we only come into a case when there's a challenge to the constitutionality or the validity of the law. So that's what tethers our assignment as the agent to that interest is the trigger. If there's a challenge to the administration of a law, we're not necessary parties then. And when you say necessary parties, do you have to be in those cases, or does it require an intervention motion on your part? Well, in state law, we are supposed to be named, but if we're not, it's automatic intervention when we move. Thank you. Thank you. Justice Gorsuch. Justice Barrett. Just to pick up on the very end of your colloquy with Justice Kagan, was it wrong that you weren't joined under Rule 19 as a necessary party in this suit, given what you're saying about this practically impairing or impeding your interest? That would be our position, Your Honor, that we have an interest, and it's being impaired, and that we should have been named. Thank you, counsel. Ms. Theodore. Thank you, Mr. Chief Justice, and may it please the Court. From Rule 24's inception through today, a single principle has guided interpretation of the adequacy prong. When a proposed intervener's interest is identical to one that's already represented in the case, we presume that the existing representative is adequate. And that common-sense presumption holds particular force when the existing representative is a state official charged ethically and legally with defending state interests. The presumption is further supported by the strong federal interest in requiring states to speak with a single voice at a time in federal litigation. From the vantage point of federal law, there's one state. The state as a unified entity is what matters for federalism purposes, and it's the state that has the sovereign interest in defending state law. Where one state representative decides to no longer represent that interest, like in the Cameron situation, then a properly appointed state representative can come in to vindicate the interest that's no longer being represented. That's the same way federal law requires the United States to notify Congress to enable intervention when it stops defending a statute. But where an authorized state representative is actively defending the law, Rule 24's goals of ensuring coherent presentation and simplified litigation should prevail. In this case, it's a poster child for why federal law puts a thumb on the scale against intervention when a state agent is already there defending. Unlike in Cameron, there's just no need for intervention here. Petitioners explicitly seek to assert the state's sovereign interest in enforceability and defense of state law. The exact interest the Attorney General is charged by statute with representing and is telling this court he is representing. And he's not only representing that interest, but unfortunately for my clients, he's winning. And then on the other side of the ledger, allowing the state to speak with multiple voices at once would complicate litigation and draw federal courts into state law disputes, such as the substantial ones here about what state statutes and the state constitution means. So there's substantial cost without corresponding benefit to accepting what petitioners propose. I welcome the court's questions. Counsel, you said right at the outset that there's a federal interest that people on each side of the case speak with a single voice. But where did that come from? I mean, just about every case we hear, we have two parties representing one side of the case, often with slightly different interests. In significant litigation in the federal courts, you have the same thing. If the sovereign state that is a party in the case has a law that says these people have to represent us, I don't know of any federal interest that outweighs that. I think the federal interest is in having the state tell a federal court what its position really is. So petitioner's whole argument here is that enforcing state law A, enforcing the voter ID law, or defending the voter ID law might conflict with an interest in election administration. We don't think that's a different interest. But if you think it is, and if you think there are different state perspectives here, there's a really strong federal interest in not allowing the state to say, you know, we want our agents to duke it out in federal court. So, you know, put differently, the possibility that different state agents defending state law might have different perspectives and balance state interests differently is a vice, not a virtue of their proposal, because it requires federal courts to referee. Instead of just telling the state, look, pick someone to tell us how the state law balance comes out. You can get rid of the attorney general if you want to in all cases or all election cases or, you know, our case, but you should pick. And that's not a problem in other cases where this court has had, you know, two state representatives like Brnovich, where, you know, they disagree about a question ultimately of whether the state statute violates federal law. You know, that's a question that's in the federal court's wheelhouse. But here, how to balance a state interest if it conflicts is something that the state should really just be coming into federal court and telling the federal court what the position is. That's a pretty difficult eyebrow-raising thing for a federal court to do when you have a political controversy with two different entities, each one having a right to intervene under state law as far as the state's concerned. And you're saying the federal court, oh, before you even get into this dispute, which obviously under those scenarios is intensely political, you pick, I don't want to say you pick the winner, but you pick who is the real representative of the state. I don't see federal courts doing that as a general matter or if they, if we do ask them to do that, that's putting them in an intensely political position. When they are used to in lots and lots of cases having people, more than one interest represented on one side of the V. Well, we're not telling the federal court to pick. We're saying when there's, you know, a duly authorized representative who's already there, who's already actively defending the state, you know, we'll stick with that person unless there's a really good reason to think that they're not doing a good job. And again, the state can always kick them out, but this is consistent with federal statutory law on intervention. So Section 2403B says, you know, we'll allow intervention of the state if there's not already someone in there defending state law. Well, but the federal side is very different. We have a unitary executive, the one person should speak for the United States. States don't have to have that same perspective. Well, Section 2403B is specifically about intervention by states. And what it says is a state can intervene as of right if there's not already a state agency or state officer who's a defendant. So I think federal law really strongly supports our view that there should be a presumption of adequacy when you already have one state officer in there as a defendant defending state law. And so I don't think we're asking the federal court to pick. We're saying you stick with the one who's there. And by the way, the defendant who's there is going to be the one who's, you know, the only permissible defendant under federal law. So if the legislature had entered an appearance first, they would be the one there? Well, the legislature wasn't a defendant. I mean, we sued the only defendants that we could sue under Ex parte Young, which would not, of course, include the legislatures. So I don't think, as I say, I don't think the federal court is picking. And again, the state of North Carolina can kick the attorney general out at any time it wants if it really thinks he's not adequate to defend the state's interest in the voter ID law. And it hasn't done that here. And as you say, I think there's a really strong federal interest in just telling the state, you choose who represents you, but we want to know what your position is in federal court. But isn't there a position that even if it wasn't the attorney general defending the board of elections, that it would still, they would still be entitled to intervention? Let's say that they hired private counsel. I understand their position to be the same, I think, but it doesn't depend on the fact that the attorney general is representing them, but the fact that the interests aren't aligned to it. Well, I think North Carolina law clearly says that the attorney general is the authorized representative of the state board of elections. And North Carolina law says that the attorney general represents the state in any case in which the state's a party or interested or its agencies are a party. Didn't he get dismissed from the suit? The governor got dismissed from the suit. Okay. So North Carolina law clearly authorizes the attorney general to be here. That hasn't been repealed. Well, what if a private firm was representing the state board of elections? They just decided no attorney general. So you said the state can kick the attorney general out at any time. So let's say that's what happens. What then? Has anything changed? Well, I think I would assume in your hypothetical that there's a state law that says the private lawyers represent the state board to defend the constitutionality of state law. Yeah, well, you said, like, they could kick the attorney general out at any time. And I'm not saying, like, as a matter of general principle that the attorney general is not the one who typically represents the state in court. But obviously there's been a lot of back and forth, and the legislature has passed laws related to this specific litigation. So I'm just saying, would that matter at all? Let's say they say, we think the attorney general is doing a bad job, so we want private counsel. They could do that, absolutely. North Carolina law could do that. And then in that case, again, I don't think the legislature could come in and say we want a second counsel representing the state. They'd just pick one, the one that state law says represents the state. But it wouldn't change your view about whether the legislature could come into the suit, whether Berger could come in. It wouldn't change. It wouldn't. But if state law says that the state legislators decide who the counsel is for the state board of elections in any particular case, that would be fine from the perspective of federal law. They could certainly do that. And so, again, the state is in total control here. What do you do about this, Tribovich? I mean, on page 539, I take it what the court said, this is a union member. He goes to the secretary of labor and says, hey, they had an unfair election in the mine workers. The secretary brings the lawsuit, as he's supposed to. The union member wants to intervene. The interests of the union member and the secretary, says the court, are identical. But even if the secretary is performing his duties as well as can be expected, the union member may have a valid complaint about the performance of his lawyer, such a complaint, filed by the member who initiated the entire enforcement proceeding, should be regarded as sufficient to warrant relief in the form of intervention under 24A2. No mention of any presumption against intervening. Sounds like the easiest thing in the world to intervene. This man, the union member, just wanted to present some more evidence. That was it. So have all the lower courts just not followed that, or what's the situation? What do you think? Tribovich is a totally different situation. It just holds that a government official can't adequately represent at the same time both the public interest and a private union member's individual interest. And it makes total sense that showing inadequacy is a minimal burden, where you have a government defendant and then you have a private person who wants to come in. We completely agree with that. But here the issue is that you have a government defendant on one side representing the state's interest in defending state law, and petitioners want to come in and say that they represent exactly that same interest. And with respect to their claim that they aren't focused on election administration, that's really hard to square with their view in the way they've presented this case, where in the cert petition they intentionally disclaimed any institutional interest. Well, that's the interest. But, I mean, if a private person can very easily go in and help the federal government win a lawsuit, why couldn't the state say, we want this person to come in? And that would seem stronger, not weaker, because the private person is one of 400,000 union members. But the state legislature, in an election case, has a pretty strong interest. Well, the state legislature, the petitioners here have said in their cert petition, they don't represent the legislature, they only represent the state, which I think makes it really difficult for them to say they have a different perspective and they don't care about election administration, when they've said we want to come in on behalf of the state as a whole. So, Ms. Neal, I take that point. But, I mean, I guess I think that there's a kind of formalness about it. I mean, they are saying that they have a different interest, because they have this interest pure in defending the law, unleavened by any other consideration. Now, I take your point that that's in some tension with their consistent representations that they want not to represent the legislature, but instead to represent the whole state, which you might think is a kind of interest that's even taking their own view, you know, leavened by these executive interests as well. So they want to kind of have it both ways. But why shouldn't we think that the more important of the two statements that they're making to us is that they have this pure interest in defending the law, which nobody else in the courtroom has, and that, you know, whether we call it representing the state or call it representing the legislature, is less important than that sort of substantive difference in the interest that they have? Well, you have the Attorney General saying that his primary interest is also in defending the law, so you'd have to be deciding between two state actors who have a dispute about state law on what each one is doing. And you'd have to be saying that the Attorney General is inadequate to defend state law, and I think that's something the court should hesitate to do. I think also the answer to the hypotheticals about, you know, the two legislators coming in are really devastating to their position. The state could easily just say, you know, we think the head of the Budget Committee has a different perspective on defending state law than the head of the Election Committee, and, you know, the head of the Budget Committee might not prioritize budget issues, and so, therefore, those folks should come in, too. And I think that, as the intuition of Mr. Thompson suggests, Rule 24 would have a real problem with that. I do also want to identify some of the real specific practical problems with their position, that you can have two officers representing the state. You know, how do you get a binding admission when two agents purport to represent the state? What if agent number one admits something, and agent number two says, you know, we lack knowledge, and so, therefore, it's denied? Is it admitted? Or let's suppose you have a damages suit against the state-as-a-name party, like in a Title VII suit where they say a state law violates Title VII, you know, Congress has validly abrogated sovereign immunity. You know, let's suppose agent number one wants to put on a different 30B6 representative on behalf of the state than agent number two. Which one binds the state? Or let's say agent one says we want a jury trial, and agent two says we don't. There are real significant problems with their position here. What happens if intervention is denied on the ground that the Attorney General will provide adequate representation, and then the trial goes forward, the legislature has its attorney sitting there in the courtroom, and they say, look what the Attorney General has done. The Attorney General has assigned one very junior attorney to try this case. And the Attorney General is declining to spend money on experts and engage in other activities which we think are essential to the defense of this statute. Can they move for intervention at that time? Is it untimely? No, I don't think it would be untimely if they could say there are, you know, significant new developments that would allow us to overcome the presumption. It wouldn't be untimely. And I think the district court made very clear in its ruling that if there were new developments that suggested that the Attorney General was somehow abdicating his responsibility to defend state law, they could try again. Well, not abdicating the responsibility, but doing the minimum required by the Attorney General's duty under the law, but not treating this as the most important thing that merits the expenditure of whatever is necessary to provide the maximum defense of the law. The legislature can appropriate as much money as it wants to the defense of the law and make that their number one priority. What if at some point the Attorney General says, look, this is costing too much. We should settle. Or suppose there's an adverse decision and the Attorney General says, you know, we did our best, but we are not going to take an appeal. Would intervention be allowed at that point? As for the appeal, you know, I think the court's decision in Cameron makes pretty clear that it would be an abuse of discretion not to allow an appeal. Well, what sense does it make to allow the appeal, to allow intervention at the appellate level after the Attorney General has made what the legislature regards as an inadequate defense of the statute or an inadequate record? Doesn't that just make things more complicated? No, I don't think so. I think the purpose of the adequacy prong in Rule 24 is to simplify litigation. That's why courts have to decide adequacy. But, again, the state here, if the state thinks that the Attorney General isn't doing a good enough job, it has a very simple way to deal with that. All it has to do is replace him. And nothing about our position prevents that. Our position simply prevents them from having two people at the same time. What's the mechanism for replacing him? Well, I mean, I think petitioners would probably say that state law already allows them to do it and they just haven't done it. But, you know, state law could simply say that if at the discretion of the General Assembly's leaders, they can replace the Attorney General's private counsel on behalf of the board. And, you know, there might be a state law problem with that, but there wouldn't be a federal law problem with that. And I think that's the answer to any concern. Would they have that power under state law now? I think there's a real dispute about whether they do, and they haven't invoked it in this court. But the position is that they have that power and they wouldn't even need the governor's signature on a new piece of legislation? I think that might be their position, but certainly as far as federal law is concerned, a state could give them that power. I mean, there's an air of unreality about the arguments here. So you say that the Attorney General representing the Board of Elections is going to provide perfectly adequate representation. The legislature obviously doesn't think that. Well, you're wrong. You're wrong. The Attorney General is going to provide perfectly adequate representation in defending the law. They don't understand what's in their own best interest, right? Well, the petitioners don't think that, but the state does think that. That's why the state has a law that designates the Attorney General as the person who defends state law. And I think it's important to distinguish between what petitioners say and what the state says. And state law clearly authorizes the Attorney General to defend state interests. Thank you, Ms. Theodore. I just have a couple of really quick questions. It's maybe along the same lines as Justice Alito's, but it does seem a little unfair to me that you're asking us to pick your opponents. In court, I'd rather have only one person arguing against me rather than two. But I think that's a little bit of a conflict there. I mean, what are you afraid of? I mean, I'm sure you could handle two of them as easily as one. Well, I'll say again that we haven't picked our opponents. We sued the people who federal law ex parte young in Article 3 allowed us to sue. So we didn't make a decision there. But I think what Rule 24 is about is simplifying litigation. And it says we don't add another defendant. We don't add another plaintiff unless there's a really good reason. And here's the issue point. You keep saying we, we. I mean, the point is that it's a court interest. And the question is whether the court should be letting the state have the two representatives that under state law they say they should have. And I mean, I don't mean this the way it might sound, but I don't know why we're terribly interested in what your views are on that in the first place. Because you're the one who's going to benefit if we throw one of your opponents out. Well, I think Rule 24 is there to protect plaintiffs and defendants. It's there to simplify litigation. It's there to reduce cost and burden. And that's an interest that protects the litigants, including us. I think we have an interest, and I think the court probably should have an interest in sort of non-announcing rules that make it easier for governments to just say we're going to make it harder for people to challenge the government. So I think we do, as plaintiffs, have an interest. Thank you. Justice Breyer, anything? I'll go back to this once more, because I did notice the footnote, which, fortunately or unfortunately, count. And the footnote says, the requirement of the rule, they're talking about the same phrase, is satisfied if the applicant shows that representation of his interest, quote, may be, end quote, inadequate, and the burden of making that showing should be treated as minimal. It says maybe there is a presumption. Moore says there's a presumption. Not Moore himself, but the trees. But minimal is the key word. So what do you say? I mean, I think we have to follow that, don't we? So all of the federal courts of appeals have understood that Turbovich rule to apply only in cases where there wasn't the same interest, where there was a different interest, like in Turbovich, where the Secretary of Labor was charged with both being a private person's lawyer and representing a government lawyer. So that's how we understand it. We agree with Turbovich. Justice Alito, anything further? Turbovich was a situation in which the private individual doesn't have a right to pick his lawyer. Correct? That's right. And so what Turbovich was dealing with, which was an innate conflict, which is the union member who can't pick his lawyer is saddled with a lawyer whose interests can be combined, but has a separate primary interest of the public interest, correct? Yeah. That's not the case here. The case here is there's overlapping interests, but the question the district court was looking at was whether the representation was adequate. The other side, Justice Alito asked the question of how does the legislature protect itself in the event that the Attorney General is not vigorously defending the law by giving it good counsel or expert witnesses. Isn't that what the district court looked at, which was how vigorously was the state defending this law, and didn't it say that everything the legislature wanted to do, the state had done, but in a different way? Yes. They proposed experts, but the legislature gave an expert that gave exactly the same information, correct? I think that, yes, I think the district court looked at all these things, and its determination is entitled to that. And it said if the state stopped doing it, they could come back and ask to intervene, correct? Absolutely right. Thank you. Justice Kagan, anything further? Justice Gorsuch? Thank you, counsel. Ms. Boyce? Mr. Chief Justice, and may it please the court, Petitioners cannot plausibly argue that the State Board and the Attorney General are not adequately defending the voter ID law. Petitioners have identified no daylight between their legal position and ours. Their evidence is duplicative of our evidence, and we have prevailed in the litigation thus far, and are confident that we will ultimately prevail through final judgment. Nevertheless, petitioners seek to intervene. As we have consistently said, we have no problem litigating alongside petitioners. But petitioners cannot satisfy the requirements of mandatory intervention. They have asserted the same interest as the Attorney General, who remains in this case robustly defending the law. In that situation, a presumption of adequacy applies, and petitioners cannot overcome it. Moreover, there is a fundamental principle of state constitutional law at stake. Petitioners read two state statutes to give them the right to represent the state's interest in enforcing the law. That construction would violate the North Carolina Constitution. Thus, whether or not petitioners are permitted to intervene in this case, we urge the court not to adopt their erroneous reading of state law, which would violate our state's separation of powers. I welcome the court's questions. Doesn't that state constitutional law issue that you just raised show that your perspective on this is different from the legislature's? I don't believe so, Your Honor. Our state constitutional law issue arises out of Wallace v. Bone, as Justice Sotomayor spoke of, and gets to the issue of whether or not the legislature, the petitioners, can represent the state, not to whether they might have a distinct legislative interest, as they've claimed here. And just as Justice Sotomayor said, Wallace v. Bone, much like the Buckley v. Vallejo federal analog, says that a legislature cannot represent a government's interest in enforcement of law, or to say the flip side of that, in defending the law. So to the extent that petitioners claim to represent our state, and to have the authority to represent the state's interest in litigation, Wallace v. Bone says that is a crystal clear violation of our state's constitution. So if the petitioners were here saying, we have a distinct interest in defending the law pure, let's say, which is a little bit different from what you do in the executive branch, that's their theory, and so we have a distinctively legislative interest, and we're asking for intervention. Would you be all right with that? As long as they said, we're not representing the state's interest, we're representing a specifically legislative interest, which is not represented by the Attorney General, would you be like, come on in, under intervention of right? I think it would depend on the particular case, Your Honor. We do not have an issue with them asserting a legislative interest insofar as the question is, does that pose a constitutional problem? We agree that they are entitled to assert a legislative interest. And would you also agree that under the intervention rule, that would be perfectly permissible? They're representing a different interest. They're asserting a different interest. You can't adequately represent an interest that's not your own. So as long as they were saying, we're here as the legislature, representing a distinctively legislative interest, all your objections would fall away. Is that correct? I think that's partially correct. So because defining an interest can be inherently malleable, and as we've seen from petitioners' briefs, you can frame what I would say is the same interest in many different ways, the federal courts use different litmus tests to assess whether or not the interests sufficiently overlap, that they're effectively the same. And that's where these inquiries like, do the parties have the same ultimate objective? Are there any claims that the movement would wish to assert that the existing party has declined to assert? Things like that are the tests that the federal courts use to assess out whether or not the interests sufficiently overlap. And what's the result under that test? Again, if they were saying specifically legislative interest, unadulterated, separate from any executive interests that you have. In this particular case, I'm still not sure that they've shown enough to prove that we haven't adequately represented their interest because, as I said in my opening remarks, they haven't actually identified any daylight between their position and ours or any claims that they wish to assert or any evidence that they wish we were putting on that we haven't put on. But we certainly concede that in certain cases that might be different, and North Carolina does seem to grant them a distinct legislative interest that would allow them to move for Rule 24A2 intervention in other cases. A or B, meaning I think of it as permissive intervention. Your Honor, they're certainly permitted to move for permissive intervention and, of course, have done so in this case. And we would urge the court, insofar as it's inclined to let petitioners intervene, to permit them to intervene through that route. But the state's position is that North Carolina state law does recognize a legislative interest as well, and then the question is just on a case-by-case basis whether or not the Attorney General, who's already in the case, is, in fact, already adequately representing that legislative interest as well as the broader state interest. In that regard, may I ask, you've succeeded in the Fourth Circuit, haven't you, in a vacatur of the preliminary injunction? Yes, Your Honor. On the ground that you were likely to succeed on the merits that SBA 24 was constitutional. Yes, Your Honor. That's correct. So it wasn't on an equities argument with respect to administrative burdens. No, Your Honor. You're defending on the merits. Absolutely. What is the status of it? It's been placed on hold below waiting for this case. Yes, that's correct. It has been stayed, and I would note that, in fact, we moved at the point that this court granted cert for permissive intervention on the legislator's behalf because we have an interest in actually seeing this case through to resolution and having the chance to defend law and vindicate our ability to enforce the law. But the district court denied that motion as moot and stayed the case until this case is resolved by this court. How about the issue of your summary judgment motion on the merits? You made one on the merits as well, correct? Yes, Your Honor. That's correct. Has that been ruled on? No, it has not. It remains pending. Can this case become moot because of the state court action? It could, Your Honor, yes. Currently, the law is enjoined by the state trial court via permanent injunction, and we are currently appealing that decision alongside the legislators, and that has gone straight up to our North Carolina Supreme Court. And that is scheduled for argument when? It's not yet scheduled for argument, Your Honor, but I assume it will be argued at some point this year. I read somewhere that it's likely this summer. I believe that's correct, Your Honor, but I don't believe that there's a firm date quite yet. So if you lose there, then this case becomes moot, correct? That's correct, Your Honor. That's a point that we made in our brief in opposition. Because of the parallel nature of this litigation, it is possible that this case would become mooted. And I would also note that the parallel litigation is part of what drove our decision not to move to stay the preliminary injunction that petitioners have raised so frequently. The problem there, of course, was that the district court enjoined the law at the end of January 2019, and we had made clear that at the start of January 2020 we would need to move immediately to mail ballots for the primaries in 2020. And we knew that there was this parallel state court litigation that might lead to an injunction, once again, causing us to change course. And so we acknowledged and conceded candidly in our briefs that because of our obligations to enforce all of the state's elections laws, that we recognized it might put us in an impossible situation were we to move to stay the federal court case and then immediately find that the state court had enjoined the law, which, of course, is precisely what did end up happening in February 2020. So I just wanted to clarify the record on that point regarding the motion. I suppose that I thought hypothetically, one, intervention, which we're getting into under 24, is vast as a subject. Two, and I don't know that much about it. I don't want to deny that I know some things. But I mean, maybe I'm going too far in this argument. But regardless, I'm not an expert. Okay. Two, suppose I think it's terribly important in an election case that the legislature have a right to be there in the court or be there in some form. There'll be a micas-free, permissive intervention. But I'm worried about saying under general. Then there's this other parallel thing. And the election's coming along. Okay? So what do I do? Aside from saying, well, we win. Go ahead. Yes. I mean, our position is that as they have brought this case to the court, asking only for mandatory intervention on behalf of the state, which we think gives rise to a significant constitutional problem, the only proper outcome for this court is to deny mandatory intervention. Again, we are not opposed to the idea that if they were to ask for permissive intervention, that that would be an acceptable choice. And I think for many reasons, which I can list quickly, that would be preferable to intervention as a right. The first would be that it avoids these complicated questions of state law about who gets to represent the state, whether in fact North Carolina has deemed the Attorney General inadequate, which we vigorously disagree with. The second reason would be because Rule 24A.1 already recognizes an automatic right for parties who are granted a mandatory intervention under federal law. It has no parallel congruent provision for state law, and one would think that if Congress or the Advisory Committee had intended to grant states the ability to automatically admit interveners, that they would have included it there. And then finally, when the rules were revised in 1944 to add the provisions in 24B, the permissive intervention section that allows certain state officials a thumb on the scale for permissive intervention, the committee specifically considered moving state officials into 24A.2 and allowing them the right to intervene automatically and declined to do so. So for all of those reasons, if the court is concerned about legislators' ability to protect their legislative interest, this distinct, narrow legislative interest, the proper course would be to grant them permissive intervention, not mandatory intervention as a right. I do quickly, in whatever time I have left, want to push back aggressively against the notion that North Carolina would be free to simply abolish the Attorney General. It may be true that that would be permissible under federal law. It would clearly not be permissible under North Carolina state law. The Attorney General is a constitutional officer who is identified as the chief legal officer of the state of North Carolina, and, of course, statutory law reinforces his obligations, but the state of North Carolina cannot simply delegate his responsibilities to someone else. I'm sure your bosses will be happy to hear that that was your position. I believe I would have been remiss if I did not mention that. I do want to briefly touch on Cameron as well, since that was one of the many intervention cases that this court has heard this term, and note that Cameron is wholly consistent with our position. In Cameron, what the court was concerned about was whether a state might find itself without a fair defense and with no one there to defend its laws. We, of course, acknowledge the significance of that interest to the states, but here we have an Attorney General who has committed to robustly defending this law, who has prevailed in overturning a preliminary injunction on appeal, so there is no situation where the state is going to be left without someone to defend it. Cameron says, of course, that a state is free to designate its own agents, and we accept that proposition, but that does not mean, A, that a state can force federal courts to hear from numerous actors, all of whom purport to speak on behalf of the state, or that a state can designate agents in a way that flouts its state constitution, and we think that both of those counsel against mandatory intervention here. Justice Breyer, anything further? Thank you, counsel. Thank you. Rebuttal, Mr. Thiessen? Yes, Mr. Thompson? Yes, Mr. Chief Justice. Just a few quick points. They claim they're not trying to pick their opponent, but they are because they filed in federal court, not in state court. If they had filed in state court, we would be there as defendants, number one. Number two, they invoke the prospect of intramural fights, but there are frequently instances, it happens all the time in 1983 litigation, that a plaintiff will name a variety, a multiplicity of state defendants, and they haven't been able to point to a single example of when the multiplicity of state defendants in a 1983 suit somehow has created problems in terms of administration of justice, and that's because of the presumption of good faith, and they acknowledge, at page 55 of their brief, candidly and forthrightly, that they have no doubt that if we come into this case, we will work cooperatively with them, as we have done on many occasions before. They invoke the role of the attorney general, but Rule 24 talks about parties, not lawyers, and the party here is the State Board of Election, which has the responsibility for administering the election. They say that they've prevailed in the Fourth Circuit. The March 2020 primary was held without this law in effect, and the reason it wasn't in effect is because they prioritized their administrative responsibilities over the merits and the Purcell violation, and then finally there was a discussion about, well, maybe this case will be rendered moot by the state court. There's been no, the briefing hasn't been completed, there's no argument, we don't know how the North Carolina Supreme Court will rule, and it could be capable of repetition yet evading review, even if that proceeding ultimately one day did moot things out. Thank you. Thank you, counsel. The case is submitted.